IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. PETER TAGUE, DC<br>878 Welsh Road<br>Maple Glen, PA 19002<br><br>   On Behalf Of Himself And All<br>   Others Similarly Situated,<br><br>                  Plaintiff,<br><br>                    v.<br><br>CONSTRUCTION EXPO, INC.<br>13740 Research Blvd., Bldg. I<br>Austin, TX  78750<br><br>                  Defendant. | C.A. NO.<br><br>CLASS ACTION |

**CLASS ACTION COMPLAINT**

**I.  INTRODUCTION**

Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), and as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227 et seq., and the regulations promulgated thereunder.  Plaintiff seeks to represent a Class, defined below, who were sent one or more fax advertisements by or on behalf of Construction Expo, Inc. (hereafter "Defendant" or "Construction Expo") during the class period.  Plaintiff seeks to recover statutory damages authorized by the JFPA, 47 U.S.C. § 227(b)(3)(B).

**II.  PARTIES**

1.  Plaintiff T. Peter Tague, DC is a Chiropractor with offices located in Maple Glen, Pennsylvania.  Plaintiff is, and at all relevant time has been, a citizen of the Commonwealth of Pennsylvania.  He brings this action individually and on behalf of a

plaintiff class defined herein.

2. Defendant Construction Expo, Inc., a Texas corporation with its principal place of business located in Austin, Texas, is a national touring exposition for buying professionals in the building and construction industry. At all times material hereto, Construction Expo was engaged in business within the Commonwealth of Pennsylvania and within the Eastern District of Pennsylvania.

### III. JURISDICTION AND VENUE

3. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1332(d)(2). This is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, the amount in controversy exceeds $5,000,000.00, exclusive of interests and costs, and the Plaintiff and many members of the class are citizens of a State different from that of Defendant.

4. Venue is proper in this district pursuant to 28 U.S.C § 1391. Defendant is subject to personal jurisdiction within this District. A substantial part of the events or omissions giving rise to the claim occurred in this District as Defendant caused facsimile advertisements to be sent into this District in violation of the Junk Fax Prevention Act.

### IV. FACTUAL BACKGROUND

5. Between August 30, 2006 and December 5, 2006, Plaintiff received on his facsimile machine fifteen (15) unsolicited advertisements [as that term is defined in the Junk Fax Prevention Act, 47 U.S.C. § 227 (a)(5)] sent by or on behalf of Defendant. True and correct copies of the fifteen (15) unsolicited advertisements received by Plaintiff are attached hereto as Exhibit A.

6. Defendant did not have express invitation or permission to transmit

facsimile advertisements to Plaintiff.

7. Plaintiff does not have a prior established business relationship with Defendant.

8. The faxes attached hereto as Exhibit A do not contain an opt-out notice meeting the requirements of 47 U.S. C. § 227(b)(1)(C) (iii) and 227(b)(2)(D) and the regulations promulgated thereunder.

9. Upon information and belief, Plaintiff alleges that Defendant has faxed, or caused to be faxed on its behalf, advertisements to Plaintiff and Class members that do not contain an opt-out notice meeting the requirements of 47 U.S. C. § 227(b)(1)(C) (iii) and 227(b)(2)(D) and the regulations promulgated thereunder.

10. Defendant's actions violate the TCPA and the Junk Fax Prevention Act, and Plaintiff and the Class are entitled to damages as outlined below.

## V. CLASS ACTION ALLEGATIONS

11. **Class Definition**. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All persons or entities that are holders of telephone numbers to which a facsimile transmission was sent by or on behalf of Construction Expo, Inc. at any time between October 12, 2003 to and including the present (the "Class Period"), substantively similar to any of the faxes attached hereto as Exhibit A, or otherwise advertising Construction Expo, Inc.  Excluded from the class are Defendant, and its officers, directors, employees, agents, predecessors, successors, subsidiaries, parents and affiliates (the 'Class').

Plaintiff reserves the right to amend the definition of the Class upon completion of class certification discovery.

12. A class action is the only practical means available for members of the

class to recover the statutory damages to which each is entitled, and to stop Defendant's unlawful conduct.

13. **Numerosity (F.R.C.P. 23(a)(1))**. The class is so numerous that joinder of all members is impracticable. Plaintiff believes and therefore avers that faxes such as those attached hereto as Exhibit A were sent to thousands of companies and businesses. Indeed, the very nature of fax advertising indicates that the Class is more than sufficiently numerous to make joinder impracticable. Identification of the members of the class can be ascertained in discovery of Defendant's database and/or from Defendant's other books and records, or from the records and/or database of the entity that sent the faxes on Defendant's behalf, if different.

14. **Commonality (F.R.C.P. 23(a)(2))**. Common questions of law and fact apply to the claims of all class members. Common material questions of law and fact include, but are not limited to, the following:

   a. whether Defendant sent unsolicited advertisements via facsimile to the fax machine of Plaintiff and members of the Class;

   b. whether the documents attached hereto as Exhibit A are advertisements for the commercial availability of products, goods or services;

   c. whether Defendant violated the TCPA and the JFPA by sending unsolicited facsimile advertisements to the fax machine of Plaintiff and Class members as to render them liable to the Class;

   d. Whether the faxes at issue contain a notice meeting the requirements of 47 U.S.C. § 227 (b)(1)(C)(iii) and (b)(2)(D)(i)-(vi) and the regulations promulgated thereunder.

    e. Whether the faxes were sent willfully and/or knowingly.

  15. **Typicality (F.R.C.P. 23(a)(3))**.  Plaintiff's claims are typical of the claims of all class members.  Plaintiff is a class member who received facsimiles sent by or on behalf of Defendant during the Class Period.  Plaintiff is making the same claims and seeking the same relief for himself and all class members based on the same statute.  Defendant has acted in the same or similar manner with respect to Plaintiff and all other class members.

  16. **Fair and Adequate Representation (F.R.C.P. 23(a)(4))**.  Plaintiff will fairly and adequately represent and protect the interests of the class.  He is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

  17. **Need for Consistent Standards and Practical Effect of Adjudication (F.R.C.P. 23(b)(1))**.  Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendant; and/or (b) as a practical matter, adjudication of plaintiff's claims will be dispositive of the interests of class members who are not parties.

  18. **Common Conduct (F.R.C.P. 23(b)(2))**.  Class certification is also appropriate because Defendant has acted and refused to act in the same or similar manner with respect to all Class members thereby making injunctive and declaratory relief appropriate.  Plaintiff demands such relief as authorized by the JFPA.

  19. **Predominance and Superiority (F.R.C.P. 23(b)(3))**. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

    (a) Proof of the claims of the representative plaintiff will also prove

the claims of the Class without the need for separate or individualized proceedings.

       (b)    Evidence regarding any exceptions to liability that Defendant may attempt to assert and prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

       (c)    Defendant has acted and is continuing to act pursuant to common policies and practices in the same or similar manner with respect to all class members.

       (d)    The amount likely to be recovered by individual class members does not support protracted individual litigation.  A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs.

       (e)    This case is inherently manageable as a class action in that:

           (i)    Defendant, or the entity that sent the faxes on Defendant's behalf, maintains computer and business records which will enable Plaintiff to readily identify class members and establish liability and damages.

           (ii)    liability and damages can be established for Plaintiff and the class with the same common proofs.

           (iii)    statutory damages are provided for in the statute and are the same for all class members are can be calculated in the same or similar manner.

           (iv)    a class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense.

           (v)    a class action will contribute to uniformity of decisions concerning Defendants' practices.

           (vi)    as a practical matter, the claims of the Class are likely to go unredressed absent class certification.

## VI.  FIRST CAUSE OF ACTION
**(Violation of the Junk Fax Prevention Act of 2005 and Telephone Consumer Protection Act of 1991)**

20.	Plaintiff refers to and incorporates herein the preceding paragraphs as though fully set forth herein.

21.	Defendant's conduct constitutes a violation of the TCPA, and as amended by the Junk Fax Prevention Act, 47 U.S.C. §227(b)(1)(C), which prohibits the use of a telephone facsimile machine, or computer, or other device, to send an unsolicited advertisement to another facsimile machine.

22.	The faxes do not contain an opt-out notice meeting the requirements of 47 U.S.C. § 227 (b)(1)(C)(iii) and (b)(2)(D)(i)-(vi) and the regulations promulgated thereunder.   Accordingly, Defendant may not invoke the established business relationship exception or the defense of prior express invitation or permission.

23.	Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the members of the Class for minimum damages for each statutory violation in the amount of $500.00.  If the Court determines that the faxes were sent willfully or knowingly, the Court may award treble damages in an amount not to exceed $1,500.00 for each statutory violation.

24.	 Pursuant to 47 U.S.C. §227(b)(3)(A), Plaintiff seeks to permanently enjoin Defendant from violating the Act as described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant, and requests that the Court:

A.	Certify this action as a class action;

B.	Award the full amount of statutory damages allowed under 47 U.S.C. § 227(b)(3) to Plaintiff and each member of  the Class and against Defendant;

  C. Enjoin Defendant from further violations of the JFPA;

  D. Award attorneys' fees and costs based on the common fund doctrine and/or upon any applicable statute;

  E. Grant such other and further relief as the Court deems fair and proper under the circumstances.

  The total claim in this action is for an amount in excess of arbitration limits.

Dated: October 10, 2007        Respectfully submitted,

                /s/ Ann M. Caldwell
                Ann M. Caldwell/AMC1953
                Pa. I.D. No. 42252
                **CALDWELL LAW OFFICE LLC**
                108 W. Willow Grove Ave., Suite 300
                Philadelphia, PA 19118
                (215) 248-2030
                (215) 248-2031 (fax)

                **Attorney for Plaintiff and the Class**